The TIMKEN COMPANY, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 78–1283.

United States Court of Appeals, Sixth Circuit.

Jan. 8, 1981.

R. M. Rybolt, James K. Brooker, Day, Ketterer, Raley, Wright & Rybolt, Canton, Ohio, for petitioner.

Elliott Moore, John Elligers, Deputy Associate Gen. Counsel, William M. Bernstein, Jesse I. Etelson, N. L. R. B. Washington, D. C., Bernard Levine, Director, Region 7, N. L. R. B., Cleveland, Ohio, for respondent.

Before ENGEL and KEITH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

## ORDER

This case arises from the Timken Company's petition to review and set aside an NLRB order issued on June 7, 1978 and reported at 236 NLRB NO. 87. The Board filed a cross-appeal for enforcement of its order.

The Board found that the Timken Company maintained an employee handbook always in effect at the Company's Bucyrus Plant. It contained a section entitled "Your Conduct and Responsibilities" which states:

As an employee of the Timken Company, you should not engage in any conduct or activity that interferes with your own work or that of any other employee or with plant operations or the maintenance of Company premises.

The handbook also proscribed:

Soliciting for the purpose of collecting money for any purpose whatsoever on working time.

\* \* \* \* \* \*

Violation of or disregard of good housekeeping practices, safe practices or safety, fire, plant protection, or other work rules or regulations. Careless or negligent use of Company property.

However, the Board found that Company employees frequently sold a variety of items at the plant on Company time and often sought signatures on petitions. No employees were disciplined for these activities.

On January 25, 1977, employees Nancy Clark, Roger Redden and Robert Fruehling arrived at the plant before their work shift and began to pass out literature on behalf of the UAW. Clark and Redden were distributing information just inside the entrance to one plant area and Fruehling just inside the entrance to another. When Company personnel noticed the union activity, Supervisors Charles Crall and Louis Meyers approached Clark and Redden and told them they would have to go outside to distribute and if they refused they would be suspended. Crall and Meyers approached Fruehling and told him the same thing.

On January 31, just after the Company allegedly prohibited union distributions in the plant, the union filed a petition with the Board for a representation election. Fruehling was principal organizer for his shift and obtained 50 to 60 signed cards. On April 6, the representation election was held and lost by a 657 to 469 vote.

About the end of April, employee Edward Pollack was having a conversation with Supervisor Charles White. Fruehling walked by and White said, "That's one fellow we don't need around here, a union pusher."

Fruehling was scheduled to work overtime on Saturday, May 7th. He called the plant at 8:00 A.M. and reported that he would be absent since he was going out of town. The guard who took the call routinely wrote this information on a form and gave it to Fruehling's supervisor. When Fruehling returned to work on May 9th, his supervisor asked him about where he had been on Saturday; Fruehling replied that he didn't want to say. His supervisor then filed a report with the Shift Superintendent Frank Lambert, with no recommendation for disciplining. Lambert found the report when he arrived at work on May 10th. He reviewed Fruehling's personnel file, which contained a "final written warning" issued in August 1976. However, as Lambert was aware, Fruehling had not been absent for any reason between August 1976 and the May 1977 incident. Lambert forwarded Orweiler's report to Plant Manager Robert Tull with an oral recommendation that Fruehling be discharged. Tull consulted with his superiors in the Company hierarchy including the Company's Director of Industrial Relations, before deciding what action to take. They concluded Fruehling should be discharged, and fired him on May 10th.

The Board found that the Company violated Section 8(a)(1) of the Act by impliedly prohibiting distribution of union literature in non-work areas within the plant building and by applying its rule concerning solicitation and distribution against union activity and not against other distributions. Further, the Board found that the Company violated Section 8(a)(1) by threatening re-

prisals against employees who engaged in union or other protected concerted activities. Finally, the Board found that the Company violated § 8(a)(3) and (1) of the Act by discharging employee Robert Fruehling for engaging in union activities. The Board's order requires the Company to cease and desist from the unfair labor practices found and from in any other manner interfering with, restraining, or coercing its employees in the exercise of rights guaranteed by Section 7 of the Act. Affirmatively, the Board's order requires the Company to offer immediate and full reinstatement to Robert Fruehling, to make him whole for any loss suffered as a result of the Company's discrimination against him, and to post an appropriate notice.

It should be noted that the Board's ruling constituted a complete reversal of the ALJ's findings in this case.

It is the opinion of the court that substantial evidence supports the Board's finding that employee Robert Fruehling was discharged because of his union activities. However, we find that substantial evidence does not support the Board's finding that the Company violated Section 8(a)(1) of the Act: (1) by threatening its employees with reprisals if they engaged in union activity; (2) by applying its rule against solicitation by employees in a manner that had a disparate effect on union campaigning; or (3) that it modified its solicitation rule so that it unlawfully prohibited union solicitation in non-working areas in the plant.

Accordingly, that portion of the Board's order requiring the reinstatement of Robert Fruehling and requiring the Company to make him whole for any loss suffered as a result of the Company's discrimination is hereby enforced. However, enforcement of the order in all other respects is denied.

CELEBREZZE, Senior Circuit Judge, would deny enforcement of the order and dissents.